HENRY, Circuit Judge,
Concurring.
I join the order denying the application for permission to file a successive § 2254 petition. Mr. Bryan is unable to demonstrate that the newly discovered evidence establishes by clear and convincing evidence that a reasonable fact finder would not have found Mr. Bryan guilty of the charged offense. See 28 U.S.C. § 2244(b).
Although Mr. Bryan cannot satisfy the requirements of § 2244, I reiterate my dissent from the panel and en banc opinions as to Mr. Bryan’s ineffective assistance of counsel and re-urge the State of Oklahoma to “reflect on these matters and consider settling this case by either agreeing to a new sentencing phase where a fairly composed jury can evaluate” the compelling evidence of Mr. Bryan’s diseased mental state, “or by renewing its offer of life imprisonment with no possibili *788 ty of parole.” See Bryan v. Mullin, 335 F.3d 1207, 1247 (10th Cir.2003) (en banc) (Henry, J., concurring in part and dissenting in part).
Mr. Bryan received inadequate assistance by inexperienced counsel at the time of his trial. Given Mr. Bryan’s current poor health, the fact that the jury never learned of his delusions and his previous institutionalization for mental illness, his execution will contribute to no social purpose.